UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Robert Harvie Payne, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | C/A No. 6:12-3005-DCN-KFM |
| vs. | ) ) | **Report and Recommendation** |
| Harry Sewell; Mt. Pleasant; Seatow, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff is a pretrial detainee at the Charleston County Detention Center. Defendant Harry Sewell is the Police Chief for the City of Mount Pleasant, South Carolina. Plaintiff has also named the City of Mount Pleasant as a defendant. "Seatow" is, apparently, a towing company for maritime vessels.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of the seizure of Plaintiff's houseboat and his dinghy after Plaintiff's arrest on May 29, 2011. Plaintiff alleges that Defendants arrested him on false charges without arrest warrants or tickets, searched his home without a warrant, stole his home and personal property, and violated Plaintiff's constitutional right to anchor. In his prayer for relief, Plaintiff seeks a jury trial, a temporary and permanent injunction, actual damages of $200,000, punitive damages of $400,000, return of his home and property, attorney fees and court costs, and other relief deemed just and proper by this Court.

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent

conduct[.]") Thus, to the extent Plaintiff complains of negligent conduct by Defendants, he cannot bring this action under § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) ("[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation").

Moreover, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, Md.*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from individual); and *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of the litigant's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals).

In other words, the United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir. 1986).

Under South Carolina law, Plaintiff's claims relating to the lost property are cognizable under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a

state agency, or political subdivision while acting within the scope of his or her employment. Plaintiff's claims relating to the lost property are cognizable under the South Carolina Tort Claims Act because the City of Mount Pleasant Police Department is operated by a political subdivision of the State of South Carolina.

Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *See* S.C. Code Ann. § 15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.). Even if the houseboat and dinghy were intentionally taken by Defendants, Plaintiff must utilize his remedies under South Carolina law. *See Hudson v. Palmer*, 468 U.S. at 530–36. In short, Plaintiff has an available judicial remedy for the missing property: the South Carolina Tort Claims Act.

Plaintiff's claim of false arrest fails, as the Public Index for the Charleston County Clerk of Court (http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails, last visited on Oct. 22, 2012) reveals that his arrest for first-degree assault and battery (Warrant No. M611620, filed on May 30, 2011) was later "true billed" by the grand jury in Indictment No. 2012-GS-10–3520 on May 8, 2012. A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. Jun. 1, 2011), which cites, *inter alia*, *In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d

4

615, 631–33 & nn. 14–15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records).

A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile,* 67 F.Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3d Cir. 2000), and *Sibdhannie v. Coffey*, No. CIV. A. 06-3394(PGS), 2006 WL 3780778, at *3 (D.N.J. Dec. 21, 2006) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."), which are cited in *Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. Jun. 25, 2007).

Plaintiff is not entitled to a preliminary injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."), which reaffirms prior decision reported at *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009), *cert. granted and judgment vacated*, 130 S.Ct. 2371 (2010). *Real Truth About Obama, Inc.* superannuates older cases, such as *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189, 193 (4th Cir. 1977). In order to obtain injunctive relief, a plaintiff must establish: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of

5

equities tips in his or her favor; and (4) the injunction is in the public interest. All four requirements must be satisfied. *Real Truth About Obama, Inc.*, 575 F.3d at 346.

Furthermore, to obtain injunctive relief, a plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.* Since Plaintiff has an available state court remedy, he is not likely to prevail on the merits. Also, Plaintiff is likely to suffer no further harm because the property has already been taken.

Plaintiff is not entitled to attorney's fees in this civil rights action. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (*pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

October 23, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court  
United States District Court  
300 East Washington Street — Room 239  
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).